ON MOTION TO DISMISS APPEAL
Before LANDRY, ELLIS and BLANCHE, JJ.
BLANCHE, Judge.
A motion to dismiss the appeal of United Bonding Insurance Company has been filed by Elray Kocke Service, Inc. The motion alleges that on the day the case was set down for trial on its merits that respondent, Elray Kocke Service, Inc., and Butler Contractors entered into a stipulation with regard to the claim of respondent and that the same amounted to a confession of judgment in favor of respondent in a concursus proceeding from which no appeal lies. In the alternative it is alleged that in return for the stipulation as to the claim of respondent that respondent waived its right to statutory attorney’s fees and that by taking of a suspensive appeal appellant has failed to honor the stipulation between the parties and that respondent is entitled to the attorney’s fees which were waived in the stipulation. It is also alleged that the appeal was taken solely for the purpose of obtaining an economic advantage, namely, the saving of interest, as the legal rate of interest is much less than the conventional rate and alleged that damages and attor *535 ney’s fees should be assessed against appellant for the taking of a frivolous appeal.
As will appear from the motion, R. M. Butler Contractors, Inc., as contractor allegedly defaulted on its building contract with Calandro Development, Inc., and United Bonding Insurance Company. The surety of the contractor was called upon to pay the claims of various furnishers of materials who were also parties to this proceeding.
A transcript of the stipulation shows that it was stipulated that the contract agreement between Butler Contractors and Cal-andro Development was timely recorded; United Bonding also acknowledged that the provisions of the bond relating to the notice of default on the part of the contractor had been complied with and no proof thereof would be required and that contractor was properly placed in default. The stipulation expressly provided that the alleged default by the contractor was a matter to be a subject of proof by the plaintiff.
It was also stipulated that the contractor had been paid $64,188.69 on the contract and that Boudreaux-Fergus Consulting Engin-eerings, Incorporated, had given the plaintiff Calandro notice of the contractor’s default by virtue of its violation of the terms of the contract and that Calandro had authority under the contract to take the work out of the contractor’s hand and to enter into agreements to complete the work under the contract.
It was further stipulated that plaintiff would not be relieved of the burden of proving the necessity or reasonableness of the corrective work.
With regard to the claim of Elray Kocke, it was stipulated that the sum of $9,859.-93 was correct and that no further proof thereof was necessary. The claim for statutory attorney’s fees was also waived by Elray Kocke.
The record of these proceedings has not been lodged in this Court and we have no knowledge of the judgment rendered by the trial court, nor do we have any knowledge of the specifications of error alleged on appeal. Reference to the stipulation contains matters which are subject to proof, such as whether or not the plaintiff proved the contractor was in default or whether the corrective work done under the said contract should have been allowed.
In view of the above, we are unable to make a judgment as to whether or not the appeal is frivolous. While the amount of the claim of Elray Kocke has been stipulated to, we are inclined to believe that the same did not amount to a confession of judgment. However, without the record, we are unable to make a judgment in the matter and the motion to dismiss the appeal is denied at the cost of Elray Kocke Service, Inc., plaintiff in reconvention and ap-pellee.
Motion denied.